## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JESUS RODRIGUEZ, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 5:26-cv-04016-JMK-BGS** |
| **JOE MILLER, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Magistrate Judge Brooks G. Severson issued a Report and Recommendation ("R&R") recommending that Defendants' Motion for Leave to File Amended Notice of Removal, Doc. 16, be denied as futile. Doc. 22. The R&R summarized the prior pleadings which indicated, rather clearly, that diversity jurisdiction does not exist because there is not complete diversity between the parties. *See* Doc. 22 at 1-3; *see also* Docs. 4, 5, 6, 10, and 16. Based on this obvious, nonwaivable jurisdictional defect, the R&R recommended that Defendants' request to cure their removal was futile and should be denied.

For the reasons set forth herein, the Court adopts the R&R and orders that this case be remanded to Lyon County District Court.

## I.    BACKGROUND

Plaintiff Jesus Rodriguez owns property in Lyon County, Kansas. Doc. 4 at 1. That land is farmed by Plaintiff Payton Heins. *Id.* The land adjoining Rodriguez's land is owned by Defendant Joe Miller, and occupied by his son, Defendant Joshua Miller. Doc. 4 at 1-2. Plaintiffs sued Defendants in the District Court of Lyon County, Kansas, alleging that Defendants' goats trespassed onto Plaintiffs' land and, as goats do, ate Heins' cash crops during growing season. Doc. 4 at 2-3. Defendants removed to federal court, asserting diversity jurisdiction. Doc. 1. The

notice of removal identified both Plaintiff Heins and Defendant Joshua Miller as residents of Kansas. Doc. 1 at 3. Defendants' Rule 7.1 disclosure statement similarly identified both Heins and Joshua Miller as Kansas residents. Doc. 6. Faced with this obvious jurisdictional defect, Plaintiffs filed a motion to remand. Doc. 10. In response, Defendants requested leave to file an amended notice of removal. Doc. 16. In that filing, Defendants argued that Heins was a "nominal party" whose citizenship could be disregarded for purposes of diversity jurisdiction.

Magistrate Judge Severson filed the R&R on April 15, 2026. Doc. 22. It set forth the standard for diversity jurisdiction and analyzed Defendants' claim that Heins is a nominal party. *Id.* at 8-10. The R&R determined that Heins is a real party in interest and, like Defendant Joshua Miller, is a Kansas resident. And so, the R&R concluded that Defendants' attempt to cure their notice of removal is futile given this obvious jurisdictional defect. *See generally* Doc. 22.

Defendants filed "Limited Objections" to the R&R on April 26, 2026. Doc. 25. They "preserve[d]" their original position that Heins is a nominal party but made no efforts to explain why the R&R was incorrect. Defendants cited no facts or cases in support of their objection; they merely noted their disagreement. In the same filing, Defendants asserted "they do not ask the Court to expend further resources resolving the original jurisdiction dispute for the purpose of retaining federal jurisdiction." Instead, Defendants asserted that they intend to assert related claims in state court, and "no longer oppose remand of this action" to Lyon County District Court. *Id*. at 1-2. Defendants also represented that the parties had reached a joint stipulation and agreed the matter should be remanded. *Id*. at 2.

But Plaintiffs had other ideas. They filed a "supplemental motion to remand" on May 12, 2026. In that motion, Plaintiffs noted they "agree that remand to the state court is appropriate," but wanted to resolve their request for fees under 28 U.S.C. § 1447(c). Doc. 27. And then, on June 29,

2026, the Parties filed a "Joint Stipulation and Motion to Stay Litigation Pending Closing of Settlement Transaction." Doc. 33. In that filing, the Parties advised that they have "finalized and executed" a written settlement agreement that would involve purchase and sale of the adjoining Lyon County property. *Id.* at 1. But the deal will not close until October 31, 2026. And so, the Parties ask this Court to stay all deadlines, keep this case open, and "retain jurisdiction" during the stay while the settlement is finalized. *Id.* at 2.

## II.    LEGAL STANDARD

When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . . .'").

## III.    ANALYSIS

This case comes to the Court in a strange posture. Initially, Plaintiffs wanted this case remanded for lack of jurisdiction. Defendants disagreed and tried to fix their jurisdictional defects. The R&R thoroughly analyzed those defects, as well as Defendants' attempts to salvage the same, and found, unsurprisingly, that there was no way to make a federal case out of a dispute involving trespassing goats between neighboring tenants in Lyon County, Kansas. Doc. 22. Defendants filed an objection to that R&R, but those objections contained absolutely no substance. That alone is

reason enough for the Court to adopt the R&R. Practically speaking, the R&R was completely unobjected to.

> [The Tenth Circuit] has "adopted a firm waiver rule" regarding objections to a magistrate judge's recommendations. To avoid waiving appellate review of factual and legal questions, a party's objections to a magistrate judge's report and recommendation must be both timely and specific. This means the objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute.

*Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (cleaned up). Because Defendants' objections were conclusory and nonspecific, the Court has no hesitance in adopting the R&R in its entirety. *E.g.*, *Williamson v. United Parcel Serv., Inc.*, 2025 WL 2810702, at *3 (D. Kan. Oct. 3, 2025).

The Court must also deny the parties' request to retain jurisdiction and stay this matter and, instead, remand this matter to state court. There is no diversity jurisdiction here. And so, the Court lacks subject matter jurisdiction. Regardless of what agreements or stipulations the parties have made, this Court simply cannot exercise jurisdiction over this matter.

> Federal district courts are required to remand a case if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. To avoid remand, the removing party must establish federal jurisdiction by a preponderance of the evidence. Because federal courts are courts of limited jurisdiction, courts strictly construe federal removal statutes with a presumption against federal jurisdiction. Courts must follow the inflexible and without exception presumption against federal jurisdiction by denying jurisdiction in all cases where federal jurisdiction does not affirmatively appear in the record. Moreover, courts must resolve doubtful cases in favor of remand.

*Aurora Loan Servs. v. Johnson*, 2020 WL 3791864, at *2 (D. Kan., July 7, 2020) (internal quotation marks and citations omitted). "[P]arties cannot confer federal courts with subject-matter jurisdiction by consent, waiver, or acquiescence." *City of Leavenworth, Kan. v. CoreCivic, Inc.*, 2025 WL 1474124, at *2 (D. Kan. May 22, 2025). The parties all but agree there is no jurisdiction.

-4-

This matter belongs in the District Court of Lyon County, Kansas. Any request for a stay or other remedy can properly be made in that forum.[1]

## CONCLUSION

The Court lacks subject matter jurisdiction in this case. Therefore, the Court adopts Magistrate Judge Severson's R&R and denies Defendants' Motion for Leave to File Amended Notice of Removal. Doc. 16. The Court further orders that this case be remanded to the District Court of Lyon County, Kansas.

THE COURT THEREFORE ADOPTS Magistrate Judge Brooks G. Severson's Report and Recommendation (Doc. 22) and ORDERS that Defendants' Motion for Leave to File Amended Notice of Removal (Doc. 16) is DENIED.

THE COURT GRANTS IN PART Plaintiffs' Motion to Remand (Doc. 10) and REMANDS the case to the District Court of Lyon County, Kansas.

THE COURT DENIES Counter Defendants' Motion to Dismiss (Doc. 11), Plaintiffs' Supplemental Motion to Remand (Doc. 27), and the Parties' Joint Motion to Stay Case Pending Closing of Settlement Transaction (Doc. 33), without prejudice, due to lack of subject matter jurisdiction.

This case is closed.

IT IS SO ORDERED.

Dated:      7/2/2026              s/ Jeffrey M. Kuhlman
                                 JEFFREY M. KUHLMAN
                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court refrains from considering Plaintiffs' request for fees under 28 U.S.C. § 1447(c), referenced in both Docs. 10 and 27. An award of fees under § 1447(c) rests squarely in the Court's discretion. *City of Neodesha v. BP Corp. North Am., Inc.*, 355 F. Supp. 2d 1182, 1189 (D. Kan. 2005). An award of fees is warranted if "the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). And although that likely applies here, the Court declines to wade into a fee dispute based on the parties' representation that a settlement agreement has been reached and is being finalized.